United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 10, 2006**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 04-50641
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-
Appellee,

versus

JACQUELINE M. JACEK,

Defendant-
Appellant.

-------------------------------------------------------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:03-CR-518-2-AML
-------------------------------------------------------------------

Before BARKSDALE, STEWART and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Jacqueline M. Jacek appeals her conviction and sentence for conspiracy to possess with intent

to distribute marijuana, conspiracy to import marijuana, possession of marijuana with intent to

distribute, and importation of marijuana. Jacek argues first that the evidence was insufficient on all

counts of conviction because the Government failed to establish that she had knowledge of the

marijuana secreted in the Suburban that she was driving.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

The argument fails. Viewing the evidence in the light most favorable to the prosecution, there was ample circumstantial evidence of guilty knowledge. *See United States v. Mendoza*, 226 F.3d 340, 343 (5th Cir. 2000). Jacek was the driver of a Suburban containing 83.34 kilograms of marijuana, valued at approximately $180,000, which had been placed inside the gas tank. On the basis of Jacek's admittedly odd conduct at the Eagle Pass port of entry, implausible stories, inconsistent statements, and the large amount of marijuana involved, there was more than sufficient evidence to support an inference by the jury that Jacek knew the Suburban contained marijuana. *See United States v. Ortega Reyna*, 148 F.3d 540, 544 (5th Cir. 1998); *United States v. Villarreal*, 324 F.3d 319, 324 (5th Cir. 2003).

Jacek avers that the district court erred (1) in admitting the testimony of Faline Reetz with regard to the circumstances surrounding her February 2003 arrest and conviction for drug smuggling and (2) in allowing Special Agent Edward Acuna to testify about two prior border seizures involving marijuana secreted in Suburbans and the guilty-plea convictions resulting therefrom. Jacek avers that this testimony was prejudicial as there was no evidence linking her to these incidents. Jacek contends that the testimony amounted to impermissible character evidence under FED. R. EVID. 404(b), which provides, in relevant part, that "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith."

Because Jacek objected to the introduction of Agent Acuna's testimony with regard to prior border seizures, the district court's admission of the evidence is reviewed for abuse of discretion. *United States v. Cantu*, 167 F.3d 198, 203 (5th Cir. 1999). If the district court abused its discretion, the resulting error is reviewed for harmlessness. *Id*. However, as Jacek concedes, there was no objection to Reetz's testimony at trial. Absent a timely objection, this court will review the admission

of Reetz's testimony only for plain error. *Id*. at 204. Error is plain only when it is clear or obvious and it affects the defendant's substantial rights. *United States v. Cotton*, 535 U.S. 625, 631 (2002).

The testimony that Jacek complains of was not within the purview of FED. R. EVID. P. 404(b) because it was not "other crimes, wrongs, or acts" of the defendant. Rather, Acuna and Reetz's testimony merely described prior incidences at the Eagle Pass port of entry where older Suburbans were discovered to have similar amounts of marijuana secreted in the gas tanks.

Assuming arguendo that this testimony was not relevant to an issue other than Jacek's character and thus failed the test outlined in *United States v. Beechum*, 582 F.2d 898 (5th Cir. 1978)(en banc), the introduction of the evidence was harmless error because the jury would have returned a guilty verdict even without it. *See United States v. Tomblin*, 46 F.3d 1369, 1387 (5th Cir. 1995); *see also United States v. Rodriguez*, 43 F.3d 117, 123 (5th Cir. 1995). The other evidence against Jacek, as outlined above, was sufficient to support her convictions on the drug-trafficking charges. Because the introduction of the testimony was harmless error, it did not amount to plain error.

Jacek argues, for the first time on appeal, that the district court erred in sentencing her under a mandatory sentencing guidelines scheme found unconstitutional in *United States v. Booker*, 125 S. Ct. 738, 756 (2005). Because Jacek raises the issue for the first time on appeal, plain error is the correct standard of review. *See United States v. Valenzuela-Quevedo*, 407 F.3d 728, 732-33 (5th Cir.), *cert. denied*, 126 S. Ct. 267 (2005); *see also United States v. Mares*, 402 F.3d 511, 521 (5th Cir.), *cert. denied*, 126 S. Ct. 43 (2005). The district court committed error that is plain when it sentenced Jacek under a mandatory sentencing guidelines regime. *See Valenzuela-Quevedo*, 407 F.3d at 732-33. Jacek, however, fails to meet her burden of showing that the district court's error

affected her substantial rights.  *See id.* at 733-34; *Mares*, 402 F.3d at 521 .  The district court's

judgment is AFFIRMED.